IN THE SUPERIOR COURT OF GUAM
TERRITORY OF GUAM

JOHN KANE,                              )
                                       )
                           Plaintiff,)     DOMESTIC CASE NO.
                                       )         DM369-11
      vs.                              )
                                       )
RENEE KANE,                            )     **DECISION AND ORDER**
                                       )
                           Defendant.)
_____

This matter came on for a bench trial before the HONORABLE ELIZABETH BARRETT-ANDERSON on January 18, 2011. Plaintiff was present and represented by Seaton M. Woodley, III. Defendant was not present, but represented by Attorney Phil Torres. Plaintiff contested the jurisdiction of this Court to divide military pension and the Court took the matter under advisement and ordered further briefing. The Court hereby revokes the order for further briefing and issues this Decision and Order.

Plaintiff filed his Complaint for Divorce ("Complaint") on May 16, 2011. Defendant filed her Answer and non-verified Counterclaim ("Counterclaim") on July 5, 2011. Plaintiff filed a Reply to Counterclaim ("Reply") on July 12, 2011. The Reply denies all allegations in the Counterclaim, including all information that Plaintiff alleged in his Complaint. Plaintiff's attorney[1] filed a Non-Waiver and Non-Consent to Division of Military Retirement Pension ("Non-Waiver document") on July 13, 2011, stating the Plaintiff was not a permanent resident or domiciliary of Guam and does not consent to the jurisdiction of the Court to divide his military pension. The Non-Waiver Document is not verified and directly conflicts with the verified information contained in the Complaint.

During the Bench Trial, Plaintiff asked the Court to review and consider the Federal Uniformed Service Former Spouses' Protection Act ("FUSFSPA") 10 U.S.C. § 1408(c)(1)

---

[1] This document was not signed by Plaintiff personally.

(2008) and *Nunally v. Nunally*, DM448-01 (Sep. 23, 2002), for the proposition that this Court does not have jurisdiction to award Defendant any portion of Plaintiff's military retirement or benefits. In *Nunally*, the Defendant continuously argued that the Court did not have personal jurisdiction or jurisdiction to grant any interest in his military pension to Plaintiff. Unlike Defendant in *Nunally*, Plaintiff verified under penalty of perjury that he was a resident of Guam for at least ninety (90) days prior to filing the Complaint for Divorce. *Id.* Additionally, by filing the Complaint, Plaintiff consented to the general jurisdiction of this Court, as discussed below. Therefore for all of the foregoing reasons, the Court has personal jurisdiction over the Plaintiff. For all of the reasons stated below, this Court finds it has jurisdiction to treat Plaintiff's military retirement pay in accordance with Guam's community property laws.

The *Nunally* decision cites to FUSFSPA incorrectly and says its decision is based upon 10 U.S.C. § 1408 (c)(1) rather than 10 U.S.C. § 1408 (c)(4). *Id.* Both sections of FUSFSPA are relevant to this decision. Currently, 10 U.S.C. § 1408 (c)(1) states:

> Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, ... affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

Title 10 U.S.C. § 1408 (c)(4) states:

> A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

Plaintiff argues that the Court does not have jurisdiction over the retirement benefit due to none of the exceptions of § 1408(c)(4) applying. This Court disagrees with this assertion.

"A divorce or dissolution of marriage may be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (2005). In this case, the Plaintiff consented to this Court's jurisdiction and filed the Complaint and then the Defendant filed the Counterclaim and consented to the Court's jurisdiction. "The Superior Court of Guam is not presumed to have jurisdiction over any action for divorce or dissolution of marriage which may be filed in the Superior Court of Guam because the defendant consents." § 8319(a). In other words, the Court cannot assume jurisdiction over a complaint for divorce simply because the Defendant agrees. Instead, the Court must specifically find that it has jurisdiction over the action based on pled and proved residency. § 8319(a).

"Physical presence in Guam for ninety (90) days next preceding the commencement of the action shall give rise to a *conclusive presumption* of residence in Guam as required by § 8318 of this Chapter." § 8319 (emphasis added). The Complaint pleads and proves this jurisdictional requirement of 19 GCA §§ 8318 and 8319. Therefore, in this case, the Court makes the specific finding that the Plaintiff is a resident of Guam. *See also* 19 GCA §8318(a)("a person shall be *deemed a resident* ... if one (1) of the parties is physically present in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage.")

The term residence, for purposes of a court's jurisdiction under the terms of FUSFSPA, 10 U.S.C. § 1408(c)(4), regulating the disposition of military retirement benefits, means a personal presence at some place of abode. *Southern v. Glenn*, 677 S.W.2d 576, 583 (Tex. App. San Antonio 1984). In this case, at the time of filing of the Complaint, the Plaintiff lived at a place of abode in Guam. Even if the Court did not find that the Plaintiff was a resident of Guam, the Court would find that the Plaintiff consented to the jurisdiction of the Court over his divorce action, which requires that the Court make a division of retirement benefits. "The court, in rendering a decree of dissolution of marriage, *must make such order for the disposition of the community property, as in this Chapter provided*, and, whenever necessary for that purpose, may order a partition or sale of the property and a division or other disposition of the proceeds." 19 GCA § 8412 (emphasis added). Because the Plaintiff consented to the issuance of a divorce

decree in Guam, he also consented to the issuance of a decree dividing all community property, as provided under the laws of Guam.

When a serviceman elects the jurisdiction of a certain court in a divorce action, he consents to have the substantive law of that jurisdiction apply to his military retirement benefits as well. *Blackson v. Blackson*, 579 S.E.2d 704, 712 (Vir. Ct. App. 2003); *McHugh v. McHugh*, 766 P.2d 133, 134–5 (Idaho 1988); *Kildea v. Kildea*, 420 N.W.2d 391, 398 (Sup. Ct. Wis. 1988); *Parks v. Parks*, 737 P.2d 1316, 1318 (Wash. Ct. App. 1987); *In re Marriage of Sarles*, 143 Cal. App. 3d 24, 29 (Cal. Ct. App. 1983); *cf. Tarvin v. Tarvin*, 187 Cal. App. 3d 56, 59–61 (Cal. Ct. App. 1986) (court unquestionably had jurisdiction over divorce action and division of retirement benefits where serviceman initiated the proceedings, but lost jurisdiction over retirement benefits under FUSFPSPA when court issued a final judgment omitting division of that asset). By submitting to the jurisdiction of this Court for the purposes of obtaining a divorce, the Plaintiff consented to a divorce decree issued by this Court, which encompasses the Court's division of all community assets, including the Plaintiff's retirement benefits. *See also Wiltz v. Wiltz*, DM0251-09 (Super. Ct. of Guam Apr. 28, 2010)[2].

Additionally, as Guam's Supreme Court has found "[i]n 1982, Congress enacted the Uniformed Services Former Spouses Protection Act ("USFSPA") in order to allow state court's to divide military retirement benefits on divorce." *Hart v. Hart*, 2008 Guam 11 ¶ 16. "Due to 10 U.S.C. § 1408(c), the Superior Courts of Guam have jurisdiction to treat military retirement pay in accordance with Guam's community property laws. Furthermore, the Superior Courts have jurisdiction to divide community property upon the dissolution of marriage. 48 U.S.C.A. 1424-1(d) ... 7 GCA §§ 3105 and 4101 (2005)." *Id.* at ¶ 17.

For the reasons stated herein, the Court finds that it does have jurisdiction to treat military retirement pay in accordance with Guam's community property laws. The Court finds that Defendant shall be awarded a fifty percent (50%) community property interest in and to Plaintiff's retirement pension plan benefits, based on over ten (10) years of marriage. *Hart v. Hart*, 2008 Guam 11. The complete equation of the amount Defendant is due is: multiplying

one half (1/2) times the total retirement pay times the fraction represented by the length of marriage (in this case twelve (12) years nine (9) months[3], or 12.75 years) in the numerator and the total length of military service in the denominator. *Id.* at fn. 20 (quoting *Sablan v. Sablan,* 1979 WL 1517 7 at * 1 (D. Guam App. Div. Feb. 15, 1979)). Additionally, the Court holds that Defendant, at her option, may receive the award of her percent (50%) community property interest in and to Husband's retirement pension plan benefits as direct payment of retired pay.

Plaintiff is hereby ordered to provide a proposed Findings of Fact and Conclusions of Law, Interlocutory Decree of Divorce, and Final Decree of Divorce consistent with this Decision and Order and the rulings made from the bench. All proposed documents must be filed with the Court, and additionally emailed Microsoft Word documents to cpederson@mail.justice.gov.gu, on or before January 27, 2012, for the Court's review.

**SO ORDERED** this 19th of January 2012.

_E. Barrett Anoc_

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

---

[2] Plaintiff's attorney was the attorney who argued this same issue to another Judge at the Superior Court of Guam, and this argument was summarily rejected.
[3] The Court finds the date of Separation of September 1, 2009, as the Court has no sworn testimony to support Defendant's claim that there was "[n]o separation for purpose of divorce." Def. Countercl., ¶ 4c (Jul. 5, 2011).